TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
CAROLYN S. SMALL (Cal. Bar No. 304938)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2041
     Facsimile: (213) 894-6269
     Email:    Carolyn.Small@usdoj.gov

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
JASON COVERT (Ind. Bar. No. 29268-53)
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice
     1400 New York Ave. NW
     Washington, D.C. 20530
     Telephone: (202) 307-0659
     Email:    Jason.Covert@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-187-JFW |
|---|---|
| Plaintiff, | SUPPLEMENTAL JOINT MEMORANDUM OF LAW IN SUPPORT OF DISPUTED JURY INSTRUCTIONS |
| v. | |
| OUMAR SISSOKO, | Trial Date: April 13, 2022 |
| Defendant. | Trial Time: 8:30 |
| | Location:  Courtroom of the Hon. |
| | John F. Walter |

       Plaintiff United States of America, by and through its counsel

of record, Assistant United States Attorney Carolyn S. Small and

Trial Attorney Jason Covert, and defendant OUMAR SISSOKO, by and

through his counsel of record, Deputy Federal Public Defenders Elena

Sadowsky and Christy O'Connor, hereby submit this supplemental joint

1

memorandum of law in support of each party's disputed jury instructions.

The parties respectfully request leave to make modifications or to submit such other and additional instructions as may become appropriate, and to withdraw any instructions which prove inapplicable.

Dated: April 11, 2022                    Respectfully submitted,

                                         TRACY L. WILKISON
                                         United States Attorney

                                         SCOTT M. GARRINGER
                                         Assistant United States Attorney
                                         Chief, Criminal Division


                                         ___/s/_____
                                         CAROLYN S. SMALL
                                         Assistant United States Attorney

                                         JASON COVERT
                                         Trial Attorney

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA



Dated: April 11, 2022                    _/s/ (via email authorization)_
                                         ELENA SADOWSKY
                                         CHRISTY O'CONNOR
                                         Deputy Federal Public Defenders

                                         Attorneys for Defendant
                                         OUMAR SISSOKO

**INDEX OF DISPUTED JURY INSTRUCTIONS**

| Proposed No. | Title | Source | Page |
|---|---|---|---|
| **INSTRUCTIONS AT END OF TRIAL** | | | |
| 24 | Wire Fraud | 9th Cir. Model Criminal Instructions 15.35; Case law | 1 |
| 41 | Theory of Defense | Model Crim. Jury Instr. 9th Cir. 4.13 (Commentary); Case Law | 10 |
| 42 | Definition of Omission and Half-Truth | Model Crim. Jury Instr. 9th Cir. 15.35; Case Law | 13 |
| 43 | Definition of Agreement | Black's Law Dictionary | 18 |

i

**COURT'S INSTRUCTION NO. _____**

Disputed Instruction No. 24

Re Wire Fraud

**I.   <u>Text of Government's Proposed Instruction</u>**

The defendant is charged in counts one through four of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. For the defendant to be found guilty of wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan to defraud a victim of money or property, or a scheme or plan for obtaining money or property by means of materially false or fraudulent pretenses, representations, or promises.  Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Third, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

"Knowingly" is defined later in the Court's Instructions.

The concept of fraud includes the fraudulent appropriation to one's own use of the money or goods entrusted to one's care by another.  In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A false or fraudulent pretense, representation, or promise is "material" if it is capable of influencing the decision of the

1

person or victim to whom it was addressed.  It is not necessary that the false or fraudulent pretense, representation, or promise actually have that influence or be relied on by the alleged victim, as long as it is capable of doing so.

A defendant acts with intent to deceive when he makes false statements or utilizes other forms of deception.  The deception need not be premised upon spoken or written words alone.  If there is deception, the manner in which it is accomplished is immaterial.

A defendant acts with the intent to cheat when he engages in a scheme or artifice to defraud or obtain money or property and deprives a victim of money or property thereby cheating the victim out of something valuable. The defendant must intend to obtain money or property from the one who is deceived.

An intent to defraud may be demonstrated by the scheme itself. Additionally, in considering whether the defendant acted with an intent to defraud, you may consider, among other things, whether the defendant acted with a desire or purpose to bring about some gain or benefit to himself or someone else or with a desire or purpose to cause some loss to someone.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

You may convict defendant of the charges in the indictment only if you find that he misappropriated funds that were disbursed through the PPP loan program.

Sources: Ninth Circuit Model Criminal Jury Instruction No. 15.35; 3rd Cir. Model Criminal Jury Instructions 6.18.1343 – Wire Fraud – Elements of the Offense (18 U.S.C. 1343) (incorporating the materiality requirement into the first element of wire fraud), 6.18.1341-1 – Mail, Wire, or Bank Fraud – "Scheme to defraud or to Obtain Money or Property" Defined (deception need not be premised on spoken or written words), and 6.18.1341-14– Mail, Wire, or Bank Fraud – "Intent to Defraud" Defined; Fed. Crim. Jury Instr. 7th Cir. 1341 & 1343[4] (2020 ed.) (defining materiality)[1]; United States v. Dees, 34 F.3d 838, 842-843 & n.1 (9th Cir. 1994) (jury instruction "more than adequately reflect[ed] the definition of intent to defraud" where court instructed that scheme itself may demonstrate such intent and jury could consider evidence that defendant converted money to own use in determining intent); United States v. Jones, 472 F.3d 1136, 1139-1140 (9th Cir. 2007) (fraudulent appropriation of money satisfies elements of wire fraud); United States v. Olano, 62 F.3d 1180, 1194 n.6 (9th Cir. 1995) (noting that even if the defendants could establish a variance any error would have been "cured by the district court's instruction to the jury that it could convict a defendant only if it found that he was a member of the conspiracy charged in the indictment, regardless of whether the jury believed that the defendant was part of some other conspiracy").

---

[1] The cited Third and Seventh Circuit Pattern Jury Instructions are included in the attached Appendix.

II.   **Redline Showing Differences Between Government's Proposed Instruction and Wire-Fraud Instruction Given During First Trial**

The defendant is charged in counts one through four of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. For the defendant to be found guilty of wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan to defraud a victim of money or property, or a scheme or plan for obtaining money or property by means of _materially_ false or fraudulent pretenses, representations, or promises.  Deceitful statements of half-truths may constitute false or fraudulent representations;

~~Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;~~

~~Third~~_Second_, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

~~Fourth~~_Third_, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

"Knowingly" is defined later in the Court's Instructions.

The concept of fraud includes the fraudulent appropriation to one's own use of the money or goods entrusted to one's care by another._  In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole._

4

A false or fraudulent pretense, representation, or promise is "material" if it is capable of influencing the decision of the person or victim to whom it was addressed.  It is not necessary that the false or fraudulent pretense, representation, or promise actually have that influence or be relied on by the alleged victim, as long as it is capable of doing so.

A defendant acts with intent to deceive when he makes false statements or utilizes other forms of deception.  The deception need not be premised upon spoken or written words alone.  If there is deception, the manner in which it is accomplished is immaterial.

A defendant acts with the intent to cheat when he engages in a scheme or artifice to defraud or obtain money or property and deprives a victim of money or property thereby cheating the victim out of something valuable. The defendant must intend to obtain money or property from the one who is deceived.

An intent to defraud may be demonstrated by the scheme itself. Additionally, in considering whether the defendant acted with an intent to defraud, you may consider, among other things, whether the defendant acted with a desire or purpose to bring about some gain or benefit to himself or someone else or with a desire or purpose to cause some loss to someone. In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the

5

defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

You may convict defendant of the charges in the indictment only if you find that he misappropriated funds that were disbursed through the PPP loan program.

## III. **Government's Position**

With the exception of the final sentence, which was added to address defendant's variance concerns, the government's proposed revisions to the wire-fraud instruction are taken entirely from the pattern wire-fraud instructions from other circuits.  The proposed revisions accurately reflect the law and better fit the misappropriation theory of wire fraud that the government is presenting in this case.

The government proposes revising the materiality portion of the instruction in particular because commentary to the Ninth Circuit Model Criminal Jury Instructions make clear that the formulation of materiality in the model wire-fraud instruction comes from the common law test for materiality in the false statement statutes. See No. 15.34 (Mail Fraud – Scheme to Defraud – Deprivation of Intangible Right of Honest Services).  As additional commentary to Instruction No. 15.34 acknowledges, however, "[i]n the case of mail or wire fraud, the government need not prove a specific false statement was made."  Ninth Circuit Model Criminal Jury Instruction No. 15.34, comment. (citing United States v. Woods, 335 F.3d 993, 999 (9th Cir. 2003)).  "Rather, there are alternative routes to a

1  mail [or wire] fraud conviction, one being proof of a scheme or

2  artifice to defraud, which may or may not involve any specific false

3  statements." Id.  Tying the materiality requirement to the scheme

4  to defraud, rather than to specific statements or omissions, is

5  proper as a legal matter and more consistent with the facts of this

6  case.  See United States v. Omer, 395 F.3d 1087, 1089 (9th Cir.

7  2005) ("It is the materiality of the scheme or artifice that must be

8  alleged; the materiality of a specific statement need not be

9  pleaded.").  The government's proposal to include the materiality

10 requirement as part of the first element of wire fraud is also

11 consistent with the Third Circuit's model wire-fraud instruction.

12 See 3rd Cir. Model Criminal Jury Instructions 6.18.1343 – Wire Fraud

13 – Elements of the Offense (18 U.S.C. 1343).

14 **IV.  Defendant's Position**

15     The Court invited the parties to revise the wire fraud

16 instruction to address the concerns the defense raised in Dkt. 146.

17 The government instead has revised the wire fraud instruction based

18 on out-of-circuit instructions and only in ways that favor its case,

19 that risk confusing the jury, and in some cases lower its burden of

20 proof.

21     First, The government's revisions to the materiality element

22 are problematic. By removing materiality from the list of elements

23 the government must prove, the government's version insinuates that

24 materiality is not an element of the offense. It is an element that

25 the government has the burden to prove. *United States v. Omer*, 395

26 F.3d 1087 (9th Cir. 2005) ("[M]ateriality of falsehood is an element

27 of fraud."). Additionally, the government proposes language beyond

28 the model instruction. The second sentence elaborating on the first

simply restates the same definition. The needless repetition complicates the instruction for the jury. The Court's original instruction was clear on the definition of materiality and appropriately emphasized that it simply means "capable of influencing a decision." Materiality should remain as the Court previously instructed.

The government's addition of the language "The deception need not be premised upon spoken or written words alone.  If there is deception, the manner in which it is accomplished is immaterial." is confusing and unnecessary. It's confusing because the government is, in fact, proceeding on a theory of written and spoken deceptions. The jury is already informed that it may consider circumstances, not just words and statements, so it is unclear what this adds. The government has not offered a specific rationale for this additional language, which is taken from another Circuit's instructions.

The government's addition of the language "An intent to defraud may be demonstrated by the scheme itself.  Additionally, in considering whether the defendant acted with an intent to defraud, you may consider, among other things, whether the defendant acted with a desire or purpose to bring about some gain or benefit to himself or someone else or with a desire or purpose to cause some loss to someone" is also confusing and, again, risks lowering the government's burden of proof. The government takes this language from a pre-*Miller* case, *United States v. Dees*, 34 F.3d 838, 842 (9th Cir. 1994). There, the Court allowed the language to modify the then-standard of "intent to deceive or cheat." Today, post-*Miller*, the standard is intent to device and cheat. Thus, the language "desire or purpose" conflicts with *Miller*, but also by using

terminology different from deceive and cheat again risks confusing the jury. Additionally, the language creates the impression that a desire to bring about money changing hands is evidence in and of itself of an intent to defraud, which it is not. Whether the government is proceeding on a theory of false statements/half-truths, or a scheme to defraud,[2] deception and cheating are necessary. This paragraph creates the misimpression that they are not.

Next, the final sentence of the government's proposed instruction does not address the defense's concerns. The sentence lowers the government's burden because it does not mention intent. It will confuse and invite the jury to convict simply if they find that Mr. Sissoko misused the money, which the defense concedes in most instances. The defense's theory has always been that Mr. Sissoko was operating mistakenly, but in good faith.

Finally, given that the government is no longer proceeding under the "false pretenses" prong of the wire fraud statute, and instead is proceeding under the "scheme to defraud" prong[3], the first element should be tailored to avoid jury confusion or the possibility of a conviction not based upon information presented to the grand jury. The first element should read, only:

> First, the defendant knowingly participated in or devised a
> scheme or plan to defraud a victim of money or property;

---

[2] Again, the government seems to be waffling on its theory. Mr. Sissoko has the right to prepare for trial having been on notice of what actions of his are alleged to constitute wire fraud. Mr. Sissoko reassert the requests contained in dkt. nos. 95 and 146.

[3] See the parties' proposed supplemental jury instruction, which was agreed upon in order to minimize the possibility of a fatal variance and/or constructive amendment.

The following language should be removed: ". . .or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.  Deceitful statements of half-truths may constitute false or fraudulent representations."

COURT'S INSTRUCTION NO. _____

Disputed Instruction No. 41

Re Theory Of Defense

**I.   Text of Defendant's Proposed Instruction**

Oumar Sissoko has raised as a defense that he did not intentionally defraud Chase Bank as required to be guilty of wire fraud. Mr. Sissoko held mistaken beliefs about the PPP loan rules and regulations-- namely, that PPP loan proceeds could be used as start-up funds with a goal of creating 450 US jobs -- and Mr. Sissoko believed in the truth of the statements he made to Chase Bank.

You may determine whether a defendant had an honest, good faith belief in the truth of the specific misrepresentations alleged by the government in determining whether or not the defendant acted with intent to defraud.

It is the government's burden to prove beyond a reasonable doubt that Mr. Sissoko had the intent to defraud, and not a good faith mistaken belief about the PPP loan program and the truth of the misstatements alleged by the government.

Source: Model Crim. Jury Instr. 9th Cir. 4.13 (Intent to Defraud) (Comment); *United States v. Molinaro*, 11 F.3d 853, 863 (9th Cir. 1993) (example of court giving a good faith instruction).

**II.  Defendant's Position**

"A defendant is entitled to have the judge instruct the jury on h[er] theory of defense, provided that it is supported by law and has some foundation in the evidence." *United States v. Mason*, 902 F.2d 1434, 1438 (9th Cir. 1990).  No current jury instruction,

including the instruction on wire fraud, adequately covers the theory of defense, which is that Mr. Sissoko had a mistaken, but good faith, belief that he was entitled to use the PPP loan funds as he did. This good faith instruction, which comes in part from the commentary to the Model Instruction on Wire Fraud, is based properly in the law as applied to the facts of this case. As the Court is aware, at least four jurors voted to acquit Mr. Sissoko at the first trial in which the defense advanced the same good faith mistake defense. The defense has learned that several jurors who voted to convict Mr. Sissoko believed that Mr. Sissoko's intent or state of mind was irrelevant. That is, of course, not correct under the law and this jury instruction is necessary to clarify that misunderstanding about the intent to defraud. Additionally, although Mr. Sissoko does not waive the arguments advanced in docket number 146, this instruction is a step towards addressing the concerns raised therein.

## III. **Government's Position**

Defendant's proposed jury instruction is unnecessary because the jury is already being adequately instructed regarding the intent required to be found guilty of wire fraud; a separate good-faith instruction is not warranted. United States v. Hickey, 580 F.3d 922, 931 (9th Cir. 2009) (holding that the defendant was not entitled to "a separate 'good faith' instruction, in addition to the district court's other instructions on specific intent"); United States v. Shipsey, 363 F.3d 962, 967 (9th Cir. 2004) ("Our case law is well settled that a criminal defendant has no right to any good faith instruction when the jury has been adequately instructed with regard to the intent required to be found guilty of the crime

charged, notwithstanding the normal rules governing 'theory of defense' requests."). The first paragraph of defendant's proposed good-faith instruction is particularly problematic because it makes it sound as though the Court is endorsing the defense's position that defendant held mistaken beliefs about the Paycheck Protection Program rules and regulations and that defendant believed in the truth of the statements defendant made to Chase Bank. The jury should not be affirmatively instructed about defendant's beliefs.

COURT'S INSTRUCTION NO. _____

Disputed Instruction No. 42

Re Definition of Omission and Half-Truth

**I. <u>Text of Defendant's Proposed Instruction</u>**

Wire fraud by omission of a material fact occurs when the defendant fails to disclose information despite the existence of an independent duty requiring him to disclose information. The duty to disclose arises when the defendant is in a formal fiduciary relationship or an informal trusting relationship in which one party acts for the benefit of another and induces the trusting part to relax the care and vigilance that it would ordinarily exercise.

Wire fraud by half-truth occurs when the defendant fails to correct speech. The duty to correct arises when the speech without the correction is misleading. For example, a real estate agent advertises that a plot of land is 5 miles from a lake, but does not include a second statement that, by road, the land is actually 15 miles from the lake. Even though it is literally true that the lake is 5 miles away as the crow flies, the 5-mile statement is a half-truth because it is misleading when not modified by the second statement.

Source: Model Crim. Jury Instr. 9th Cir. 15.35 Wire Fraud (as to omission); *United States v. Shields*, 844 F.3d 819 (9th Cir. 2016) (it was error to fail to instruct jury on duty to disclose in an omission case); *United States v. Laurienti*, 611 F.3d 530, 543 (9th Cir. 2010) (it was error to fail to instruct jury on trust relationship requirement in omission case); *United States v. Benny*, 786 F.2d 1410, 1418 (9th Cir. 1986) (omission requires independent

duty to disclose); *United States v. Lustiger*, 386 F.2d 132, 136 (9th Cir. 1967) (half-truth example)

## II.  **Defense Position**

The defense offers the instruction, in part, to address the concerns raised in Dkt No. 146 as part of the wire fraud instruction or to immediately follow it.

In *United States v. Shields*, the Ninth Circuit explained "it was error to not instruct the jury that it must find a relationship creating a duty to disclose before it could conclude that a material non-disclosure supports a wire fraud charge." 844 F.3d 819, 823 (9th Cir. 2016); *see also United States v. Laurienti*, 611 F.3d 530, 543 (9th Cir. 2010) (it was error to fail to instruct jury on trust relationship requirement in omission case). *Shields* did not distinguish between fraud cases predicated solely on omissions as opposed to cases involving both misrepresentations and omissions. Interpreting *Shields*, a later panel of the Ninth Circuit has explained the duty to disclose "rule is not limited to 'pure omissions' cases, where the allegations of fraud are only based on non-disclosures." *United States v. Spanier*, 744 Fed. Appx. 351, 353 (9th Cir. 2018) (unpublished) (citing *Shields*, 844 F.3d at 823). Indeed, in *Spanier* the Ninth Circuit found it was error to not give a jury instruction concerning an omissions theory when "the indictment, the district court's summary of the case to the jury, the jury instructions, and the evidence presented at trial show that the government's fraud case was based on affirmative misrepresentations, halftruths, and omissions." 744 Fed. Appx. at 353-54. Thus, even if the government is not proceeding on a pure omissions case, the instruction is appropriate because the

government intends to argue that Mr. Sissoko omitted material information to the UC.

Moreover, further explanation of the terms "omissions" and "half-truths" is necessary because neither term is obvious and the average juror would not understand how to apply these legal terms to the facts of this case. *Cf. United States v. Chambers*, 918 F.2d 1455, 1460 (9th Cir. 1990) (holding there was no need to define "knowingly" because the definition was obvious and the average juror could have applied the word to the facts of the case without difficulty). While some jurors may be familiar with the terms, the words need definition because the jurors, based on their law experiences, could have ascribed different meanings or incomplete meanings. In particular, most, if not all, jurors without legal training would not understand when the duty arises to disclose or correct information. Therefore, without the explanation, the jury instructions as a whole are "inadequate to guide the jury's deliberation." *United States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir.2000).

## III. **Government Position**

This is not an omissions case.  The fraud charges in this case are not based on material omissions, either in part or in whole.  Cf. United States v. Spanier, 744 F. App'x 351, 353-54 (9th Cir. July 30, 2018) (concluding the district court erred in failing to instruct the jury on the omissions theory of fraud and the duty to disclose when the government bases a fraud charge on material non-disclosures").  Defendant continues to attempt to contort the government's use of the evidence to prove the elements of wire fraud to mean that the government is advancing a new theory of fraud.  But

as the government has repeatedly explained, the government's evidence about what defendant did and did not say to the undercover agent is relevant to show that defendant's responses were deceptive and misleading.  This in turn is relevant to prove that defendant knew he had misused the PPP money.  For instance, if defendant truly believed that the $90,000 payment to his wife was a legitimate salary payment, one would expect him to have mentioned that expenditure when asked how he had been spending the PPP money, particularly given that it was one of his largest expenditures.  The fact that defendant failed to mention the $90,000 payment to the undercover agent is relevant to prove that defendant knew the transfers were not authorized uses of PPP funds.  It also rebuts the idea that the payments truly were intended as salary payments, given that the first time they are being characterized that way is at trial.

Defendant's proposed instruction regarding "half-truths" is inaccurate and not helpful.  As the model jury instructions already make clear, a half-truth is simply another form of a false statement.  Ninth Circuit Model Criminal Jury Instruction No. 15.35 (Wire Fraud) ("Deceitful statements of half-truths may constitute false or fraudulent representations.").  No further instruction on this point is necessary.  Moreover, defendant cites no support for the proposition that a half-truth occurs only when a defendant "fails to correct speech."  And indeed, the Supreme Court has defined a "half-truth" as a statement that "state the truth only so far as it goes, while omitting critical qualifying information."  Universal Health Servs., Inc. v. United States ex rel. Escobar, 579 U.S. 176, 188 (2016).  Courts have also held that half-truths

support a conviction without any independent fiduciary duty: "the duty to disclose ... arises from the telling of a half-truth, independent of any responsibilities arising from a truth relationship." United States v. Lloyd, 807 F.3d 1128, 1153 (9th Cir. 2015) (emphasis added) (citation and quotation omitted). Accordingly, defendant's requested instruction is not only unhelpful, it is inaccurate and potentially confusing.

1  COURT'S INSTRUCTION NO. _____

2  Disputed Instruction No. 43

3  Re Definition of Agreement

4  **I.   Text of Defendant's Proposed Instruction**

5  The term "agreement" is broader than the term "contract." The

6  term "agreement" means a mutual understanding between two or more

7  persons about their relative rights and duties regarding past or

8  future performances. For example, an accepted invitation to dinner

9  would be an agreement in this sense; but it would not be a contract

10  because it would neither be intended to create, nor would it in fact

11  create, any legal obligation between the parties to it.

12

13  Source: AGREEMENT, Black's Law Dictionary (11th ed. 2019)

14  **II.  Defense Position**

15  The government intends to ask the jury to rest this conviction

16  on the fact that Mr. Sissoko did not, as represented, have an

17  "agreement" with John Deere to provide equipment for his African

18  ventures. They intend to introduce, as evidence that his statements

19  are lies, that: (1) he had no contracts with RDO Equipment Company,

20  a dealer for John Deere equipment whose territory is Minnesota,

21  North Dakota, Oregon and California; (2) he had not purchased new

22  equipment from Deere & CO and its affiliates; (3) he had not

23  purchased warranties for Deere equipment; and  (4) only one

24  dealership in the California region had provided a price quote to

25  Mr. Sissoko in 2017 but did not have contact after that. However,

26  the term "agreement" is much broader than what the government's

27  evidence implies. Without the definition of "agreement," the jury

28

1  would be invited to convict Mr. Sissoko simply because he does not
2  have or has not had a contract.

3  The definition of agreement is also part of the theory of the
4  defense, i.e. that Mr. Sissoko believed in the truth in the
5  statements he made to Chase Bank, including that he had an
6  "agreement" with John Deere. The defense theory is supported by
7  adequate evidence. See Dkt. 95-96 (Declaration filed in camera). And
8  the proposed definition comes straight from Black's Law Dictionary,
9  a widely accepted source for legal definitions.

10  **III. Government's Position**

11  The government intends to prove that defendant possessed an
12  intent to deceive by, among other things, demonstrating that
13  defendant falsely claimed to have an agreement with John Deere.
14  However, the falsity of this statement does not rest on some hyper-
15  technical difference in the definition of the terms contract and
16  agreement. Thus, this instruction is unnecessary and confusing.

17  Defendant also claims that the definition is part of the theory
18  of the defense and should be given because this is "supported by
19  adequate evidence," as demonstrated by the in-camera declaration
20  filed at Dkt. 95-96. The government is unaware of what is contained
21  in the declaration filed at Dkt. 95-96, and is not in a position to
22  respond on this issue.  Thus to the extent defendant believes this
23  instruction is warranted based on evidence that will be admitted at
24  trial, the government requests that the Court hold in abeyance a
25  decision on this instruction so that the parties and the court may
26  evaluate whether it is warranted after reviewing the evidence that
27  is admitted at trial.

28